IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MATTHEW L. STASZAK                                                                              PLAINTIFF

v.                              Case No. 2:19-cv-00052 KGB-PSH

UNITED STATES OF AMERICA, *et al.*                                                        DEFENDANTS

**ORDER**

Before the Court are Proposed Findings and Partial Recommendation entered by United States Magistrate Judge Patricia S. Harris on May 19, 2020, regarding plaintiff Matthew L. Staszak's motion for preliminary injunction (Dkt. Nos. 34; 35).  Mr. Staszak has filed objections (Dkt. No. 40).  After careful review of the Proposed Findings and Partial Recommendation and Mr. Staszak's objections, as well as a *de novo* review of the record, the Court adopts the Proposed Findings and Partial Recommendation as its findings in all respects (Dkt. No. 35).  Accordingly, the Court denies Mr. Staszak's motion for preliminary injunction (Dkt. No. 34).

Also pending before the Court are Judge Harris's Proposed Findings and Recommendation entered on June 29, 2020 (Dkt. No. 44), to which Mr. Staszak objects (Dkt. No. 47).  After careful review of the Proposed Findings and Recommendation and Mr. Staszak's objections, as well as a de novo review of the record, the Court adopts the Proposed Findings and Recommendation as its findings in all respects (Dkt. No. 44).  According, the Court grants defendants' motion to dismiss and motion for summary judgment and dismisses without prejudice Mr. Staszak's claims.

I.      **Proposed Findings And Partial Recommendation**

Mr. Staszak, a federal inmate incarcerated at the Forrest City Low Federal Correctional Institution, initiated this action on May 9, 2019 (Dkt. No. 1).  Mr. Staszak asserts claims under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the

Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* (Dkt. Nos. 1; 9).  Mr. Staszak alleges that separate defendant Bureau of Prisons Unit Manger Darlene Gallardo interfered with, hindered, and listened to confidential telephone communications between Mr. Staszak and his attorney (Dkt. No. 9, at 2-4).  Mr. Staszak's amended complaint also asserts claims of Fifth and Sixth Amendment constitutional violations and tort claims of gross negligence and intentional infliction of emotional distress against the United States and Ms. Gallardo (*Id.*, at 2, 5-6).

Mr. Staszak filed a motion for preliminary injunction on May 15, 2020 (Dkt. No. 34).  In that motion, Mr. Staszak alleges that he was moved to the Special Housing Unit ("SHU") pending a Special Investigative Services ("SIS") investigation in April 2020 (*Id.*, at 2-3).  Mr. Staszak claims that he was moved to the SHU because he had spoken to a reporter on the telephone about the COVID-19 virus outbreak and had "used names" during those conversations (*Id.*, at 3-4).  Mr. Staszak asserts that he does not have his personal property or legal materials in the SHU, and Mr. Staszak intimates that his placement in the SHU was retaliatory (*Id.*, at 3).  Mr. Staszak seeks release from the SHU, return of his legal papers, and an allotment of expenses for lost property and commissary (*Id.*, at 7).

Judge Harris recommends denying Mr. Staszak's motion for preliminary injunction for several reasons (Dkt. No. 35, at 2).  First, Judge Harris states that Mr. Staszak's complaints regarding his placement in the SHU in April 2020 are unrelated to the claims he asserts in this case and identify individuals who are not parties to this litigation (*Id.*, at 2-3).  Judge Harris characterizes Mr. Staszak's motion for preliminary injunction as a request for the Court to take action against non-defendants in a claim not asserted in this action, and Judge Harris states that these new claims must be raised in a separate lawsuit after proper exhaustion of administrative remedies (*Id.*, at 3).  Second, Judge Harris states that "even if [Mr. Staszak's] claims related to the

allegations of his complaint" that "the Court must weigh certain factors before awarding injunctive relief, and in this case, [Mr.] Staszak has alleged insufficient facts to weigh those factors" (*Id.*). Specifically, Judge Harris finds that Mr. Staszak has failed to "allege sufficient facts to show that he will suffer an irreparable injury without injunctive relief" as required under the Eighth Circuit's standard for granting injunctive relief codified in *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109 (8th Cir. 1981) (*Id.*, at 3-4). Additionally, Judge Harris "would only recommend such relief after fully developing the facts and resolving the issues in a properly filed case" (*Id.*, at 4).

The Court writes separately to address Mr. Staszak's objections (Dkt. No. 40). Mr. Staszak raises several objections to Judge Harris's Proposed Findings and Partial Recommendation. First, Mr. Staszak objects to Judge Harris's conclusion that the alleged acts occurred after he spoke with a reporter about COVID-19 (*Id.*, at 2). Mr. Staszak argues that the chronology of the alleged events "has no bearing on the actual submitted facts pertaining to his allegations of constitutional violations and staff misconduct committed against him" (*Id.*). Relatedly, Mr. Staszak "objects to the findings that he complains about additional parties not part of this litigation" (*Id.*, at 3). Mr. Staszak argues that the United States is a party and that the three officers identified in his motion for preliminary injunction—Lieutenant A. McCalister, SIS Tech J. Cissell, and C/O J. Peeler—are all parties of the United States (*Id.*). Mr. Staszak objects that a separate lawsuit to pursue these claims against these parties is unnecessary, because these officers are parties of the United States (*Id.*, at 5). Additionally, Mr. Staszak maintains that he need not exhaust administrative remedies for these claims since he has alleged "irreparable harm" and has styled his request for injunctive relief as an "emergency" (*Id.*). Mr. Staszak also provides two affidavits, one from a fellow inmate named Jacquavis Williams and one from his father Daniel L. Staszak (Dkt. Nos. 40, at 9-10; 41).

Mr. Staszak's objections do not change the fact that these alleged constitutional violations and the purported staff misconduct are unrelated to the claims Mr. Staszak asserts in this action (Dkt. Nos. 1; 9). Chronology does not sink Mr. Staszak's motion for preliminary injunction. Instead, the Court denies Mr. Staszak's motion for preliminary injunction because it raises new claims against new parties stemming from events unrelated to the causes of action asserted in his complaint in this action. Furthermore, the officers identified in Mr. Staszak's motion are different parties from the named defendants against whom he seeks relief in his current action, despite Mr. Staszak's objections to the contrary. If Mr. Staszak wishes to pursue these new claims, he must properly exhaust those claims before pursuing them in a separate action filed against and naming the appropriate parties. *See* Fed. R. Civ. P. 20; *see also Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (Federal Rule of Civil Procedure 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *Fulghum v. Allen*, 2015 626 Fed. App'x 653, 654 (8th Cir. 2015); *Harris v. Union Pacific R.R. Co.*, No. 5:12-cv-00203-KGB, 2013 WL 1187719 (E.D. Ark. 2013); *Langrell v. Union Pacific R.R. Co.*, No. 5:12CV00084 JLH, 2012 WL 3041312 (E.D. Ark. 2012). Additionally, Mr. Staszak has failed to substantiate a showing of irreparable harm, and Mr. Staszak's claim for "emergency" injunctive relief does not discharge him of the obligation to exhaust administrative remedies before pursuing these claims further.

## II. Proposed Findings And Recommendation

In her Proposed Findings and Recommendation, Judge Harris recommends that the Court dismiss Mr. Staszak's FTCA claims for negligence and intentional infliction of emotional distress and his *Bivens* claims alleging violations of Mr. Staszak's Fifth and Sixth Amendment rights (Dkt. No. 44). Mr. Staszak filed a 95-page objection, which the Court has reviewed (Dkt. No. 47).

Defendants correctly argue that the FTCA, specifically 28 U.S.C. § 1346(b)(2), bars federal inmates from bringing civil actions against the United States for emotional and mental distress damages without showing a prior physical injury. *Antonelli v. Tipton*, Case No. 08-3123, 2009 WL 4825169 *1 (8th Cir. Dec. 1, 2009) (unpublished opinion).  Mr. Staszak does not allege any existence of a previous physical injury in the record.  Further, Arkansas law has yet to accept negligent infliction of emotional distress as a cause of action. *FMC Corp. v. Helton*, 202 S.W.3d 490, 502 (Ark. 2005).  Further, for the reasons explained by Judge Harris, Mr. Staszak's *Bivens* claims under the Fifth and Sixth Amendments fail.

Having carefully considered *de novo* the record before the Court, including the Proposed Findings and Recommendation and Mr. Staszak's objections, the Court adopts Judge Harris's recommendation for the reasons she explains.  The Court grants defendants' motion to dismiss and for summary judgment (Dkt. No. 18) and dismisses Mr. Staszak's FTCA claims and *Bivens* claims.

### III. Conclusion

It is therefore ordered that:

1. The Court denies Mr. Staszak's motion for preliminary injunction (Dkt. No. 34);

2. The Court adopts the Proposed Findings and Partial Recommendation as its findings in all respects (Dkt. No. 35);

3. The Court grants defendants' motion to dismiss and motion for summary judgment (Dkt. No. 18);

4. The Court adopts the Proposed Findings and Recommendation as its findings in all respects (Dkt. No. 44); and

5. The Court dismisses without prejudice Mr. Staszak's claims; the relief he seeks is denied.

It is so ordered this 28th day of September, 2020.

_____
Kristine G. Baker
United States District Judge